IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA,

        Respondent,

v.                                         **Civil Action No. 3:09-cv-00844**
                                           **(Criminal No. 3:03-cr-00086)**

WARREN SANDERS,

        Movant.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On July 23, 2009, Movant, acting *pro se* and incarcerated in FCI Beaumont Medium in Beaumont, Texas, filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Docket No. 113).[1] This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order was been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully recommends that the District Judge deny Movant's § 2255 Motion as untimely pursuant to the one year period of limitation specified in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(f), and dismiss this matter from the docket of the Court.

---

[1] Because Petitioner is *pro se,* his pleadings are held to a less stringent standard than if they were prepared by a lawyer and are construed liberally. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

1

I.   **Factual and Procedural Background**

On April 28, 2003, Movant was charged by information with knowingly and intentionally distributing more than five grams of cocaine base ("crack") on or about March 6, 2001. (Docket No. 1). On May 27, 2003, Movant appeared before the District Court and entered a written waiver of his right to prosecution by indictment and a written plea of guilty to the charge contained in the one-count information pursuant to a written plea agreement with the United States. (Docket Nos. 7, 8, 9). On August 25, 2003, Movant appeared for sentencing. By Judgment Order entered on August 27, 2003, Movant was sentenced to 262 months of imprisonment followed by a four year term of supervised release, a fine of $4,000.00, and an assessment of $100.00. (Docket No. 15).

Movant successfully appealed his sentence in the United States Court of Appeals for the Fourth Circuit, contending that the District Court erred in assigning him one criminal history point for a prior seven-day State sentence for fleeing on foot from a law enforcement officer. (Docket No. 32). Movant was resentenced by the District Court on November 1, 2004 to 235 months of imprisonment with the same term of supervised release and monetary penalties as originally ordered. (Docket No. 43). Movant successfully appealed his sentence in the United States Court of Appeals for the Fourth Circuit for a second time on May 10, 2006, arguing that his case should again be remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). (Docket No. 56). By Amended Judgment Order filed September 14, 2006, the District Court again sentenced Movant to 235 months of imprisonment with the same term of supervised release and the other penalties originally ordered. (Docket No. 71). Movant filed a third appeal on September 26, 2007, arguing that the District Court violated his

Sixth Amendment rights by determining his sentence based on drug quantities which he did not admit in pleading guilty; however, the Fourth Circuit affirmed the sentence imposed by the District Court. (Docket No. 86). According to Movant, the Supreme Court of the United States denied his Petition for a Writ of Certiorari on April 14, 2008. (Docket No. 113 at 2).

On November 12, 2008, Movant filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) which the District Court granted on November 21, 2008 and reduced Movant's period of imprisonment from 235 to 188 months. (Docket No. 96). The Fourth Circuit affirmed the District Court's Order reducing his sentence. (Docket No. 105).

On July 23, 2009, Movant filed the present Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, alleging (1) procedural and substantive unreasonableness of his sentence, (2) the use of inadmissible evidence to support improper sentence enhancements, and (3) ineffective assistance of counsel. (Docket No. 113). On August 20, 2009, the United States filed a response to the Motion, asserting that the Motion should be summarily dismissed as it was filed more than three months after expiration of the one year period of limitation which applies to 28 U.S.C. § 2255 actions. (Docket No. 117). On August 26, 2009, the Court ordered that if Movant intended to file a reply to the government's response, he must file the reply within 30 days of service of the response. (Docket No. 118). Movant did not file a reply.

## II. Standard of Review

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is

inadequate or ineffective. *In Re Jones,* 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of ... detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. *In re Jones,* 226 F.3d at 332; *Young v. Conley,* 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 Motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones,* 226 F.3d at 333-334. Movant bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion. *See McGhee v. Hanberry,* 604 F.2d 9, 10 (5th Cir. 1979).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996, which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

1. The date on which the judgment of conviction becomes final;

2. the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

4

> 3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. *United States v. Prescott,* 221 F.3d 686, 688 (4th Cir. 2000) ("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003); *see also Harris v. Hutchinson,* 209 F.3d 325, 329-30 (4th Cir. 2000) (equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the movant's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated the following follows in *Harris, supra,* at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' *Alvarez-Machain v. United States,* 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe,

5

therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct- it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

### III. Analysis

Movant asserts that the Supreme Court of the United States denied his Petition for a Writ of Certiorari on April 14, 2008. (Docket No. 113 at 2). Therefore, as only 28 U.S.C. 2255(f)(1) is implicated by these facts, Movant's judgment of conviction became final on April 14, 2008. *Clay v. U.S.*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). As aptly noted by Respondent, Movant's subsequent reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) had no bearing on the finality of his judgment. *United States v. Sanders,* 247 F.3d 139, 143 (4th Cir. 2001) (The fact that a sentence can be modified pursuant to Rule 35 of the Federal Rules of Civil Procedure or 18 U.S.C. § 3582(c) does not affect the finality of the conviction and sentence); *United States v. Hartwell,* 448 F.3d 707, 720–721 (4th Cir. 2006) (A "criminal case ... [is] no longer 'pending' ... despite the fact that ... [the] sentence could be modified as authorized by Congress, such as under Criminal Rule 35(b) or 18 U.S.C.A. § 3582(c)"); *In re Taylor,* 171 F.3d 185, 186 (4th Cir. 1999) (Proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant" and do not affect the finality of a criminal judgment.).

Thus, as stated by Respondent, Movant had one year from the day following the Supreme Court's denial of his petition for a writ of certiorari to seek relief under 28 U.S.C. 2255. This period of limitation expired on April 15, 2009. As such, Movant's action filed on July 23, 2009 was untimely under 28 U.S.C. 2255(f). Movant provides

no argument that circumstances beyond his control or government misconduct contributed to an inability to file his Section 2255 motion on time such that he would be entitled to equitable tolling. Furthermore, Movant makes no attempt to demonstrate that Section 2255 was inadequate or ineffective so that he could resort to an action under Section 2241. Therefore, the undersigned respectfully recommends that the District Judge **FIND** that Movant's judgment of conviction became final on April 14, 2008 and that no other provisions of 28 U.S.C. § 2255(f) apply; consequently, Movant's Motion under 28 U.S.C. § 2255 should have been filed on or before April 15, 2009 and is, therefore, untimely and must be dismissed.

## IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** the following:

**1.** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 113) be **DENIED**; and

**2.** This civil action be **DISMISSED, with prejudice,** and removed from the docket of this Court.

Movant is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Movant shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed

Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Movant, the respondent, and any counsel of record.

**FILED**: June 29, 2011.

_____
Cheryl A. Eifert
United States Magistrate Judge